Electronically Filed
Intermediate Court of Appeals
29318
22-FEB-2011
08:15 AM

NO. 29318

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HOWARD K. LESLIE, Claimant-Appellee, v.
KKL TRUCKING, INC., Employer-Appellee, Delinquent,
and SPECIAL COMPENSATION FUND, Appellee;
FREDERICK W. ROHLFING, III; FREDERICK W. ROHLFING, III,
A Limited Liability Law Company, Applicants-Appellants


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 99-361 (2-99-00788))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Applicants-Appellants Frederick W. Rohlfing, III, and
Frederick W. Rohlfing, III, a Limited Liability Company
(**Rohlfing**) appeal from a July 18, 2008 order by the Labor and
Industrial Relations Appeals Board (**Board**) that granted
Rohlfing's request for attorneys' fees and costs in a reduced
total amount of $17,281.81, instead of the total requested amount
of $44,501.32, including attorneys' fees in the amount of
$39,202.86 and costs in the amount of $5,298.46 (**Order**).[1]

On appeal, Rohlfing contends that: (1) the Board erred
in reducing, without explanation, Rohlfing's request for
attorneys' fees and costs; and (2) Rohlfing's request for

---

[1] Roland Q.F. Thom, Chairman, Carol K Yamamoto, and David A.
Pendleton presided.

attorneys' fees and costs is reasonable. No answering briefs were filed.

Upon careful review of the record and the brief submitted by Rohlfing, and having given due consideration to the arguments advanced and the issues raised, we resolve Rohlfing's contentions as follows:

Hawaii Revised Statutes (**HRS**) § 386-94 (Supp. 2009) provides, in relevant part:

> **§ 386-94 Attorneys, physicians, other health care providers, and other fees.** Claims for services shall not be valid unless approved by the director or, if an appeal is had, by the appellate board or court deciding the appeal. Any claim so approved shall be a lien upon the compensation in the manner and to the extent fixed by the director, the appellate board, or the court.
>
> In approving fee requests, the director, appeals board, or court may consider factors such as the attorney's skill and experience in state workers' compensation matters, the amount of time and effort required by the complexity of the case, the novelty and difficulty of issues involved, the amount of fees awarded in similar cases, benefits obtained for the claimant, and the hourly rate customarily awarded attorneys possessing similar skills and experience. In all cases, reasonable attorney's fees shall be awarded.

Hawaii Administrative Rules (**HAR**) § 12-47-55 provides:

> **§ 12-47-55 Approval of attorney's fees.** Within ten calendar days following the filing of a final decision and order, or upon the filing of a stipulation and settlement agreement with respect to an appeal compromised pursuant to section 386-78, HRS, attorneys seeking approval of fees pursuant to section 386-94, HRS, shall file with the board a request for approval of attorney's fees setting forth the various activities performed together with the time expended by the attorney in each activity. The request shall be served on those parties against whom the fees are to be assessed. Any party objecting to approval of a request may file a written objection thereto no later than ten calendar days following service. No request for approval of attorney's fees or agreement to pay attorney's fees shall be valid until approved by the board.

Rohlfing timely filed a request for approval of attorneys' fees and costs in the total amount of $44,501.32. No party objected to the approval of the request. The Board approved the request in the reduced amount of $17,281.81, without explanation or allocation between fees and costs.

It appears that the hourly rate requested by Rohlfing was within the range of the hourly rates allowed to other attorneys in this case and the total attorneys' fees request in the amount of $39,202.86 was not, on its face, unreasonable in light of, *inter alia*, the agreed-upon sum of $262,500.00 to be paid to the claimant from the Workers' Compensation Special Compensation Fund of the State of Hawai‘i, which sum was approved and ordered by the Board.

As the record does not reflect the basis for the reduced award, we cannot effectively review whether the Board abused its discretion in awarding fees and/or costs as it did. Without such an explanation, we must vacate and remand the Order for clarification and/or a redetermination of the amount to be awarded to Rohlfing. See Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawai‘i 438, 498, 164 P.3d 696, 756 (2007); Price v. AIG Hawai‘i Ins. Co., Inc., 107 Hawai‘i 106, 113, 111 P.3d 1, 8 (2005).

Accordingly, the Board's July 18, 2008 Order is vacated and remanded.

DATED:   Honolulu, Hawai‘i, February 22, 2011.

On the briefs:

Lissa D. Shults
Bradley R. Tamm
(Shults & Tamm, LLP)
for Applicants-Appellants

Presiding Judge

Associate Judge

Associate Judge

3